431 So.2d 1023 (1983)
PALM BEACH-MARTIN COUNTY MEDICAL CENTER, INC. et al., Appellants,
v.
Robert J. PANARO, M.D., and Robert J. Panaro, M.D., P.A., Appellees.
No. 82-1419.
District Court of Appeal of Florida, Fourth District.
April 20, 1983.
As Corrected May 3, 1983.
Rehearing Denied June 14, 1983.
Charles R.L. White, Jupiter, and Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellants.
Joseph L. Ackerman, Jr., of Slawson & Burman Law Offices, North Palm Beach, for appellees.
GLICKSTEIN, Judge.
This is the third appeal of the appellants hospital and its administrator, involving non-final orders in a case which could have been long since brought to trial on the merits in accordance with the suggestion of the successor trial judge. The first two appeals, as well as the proceedings in the trial court, were conducted by the hospital's original counsel, Mr. White, not additional appellate counsel. The first appeal was from the trial court's order which denied the hospital's motion to dissolve the original restraining order, enjoining the hospital and its administrator from removing the appellee/anesthesiologist and his P.A. from the medical staff. The appeal was dismissed because of non-prosecution after appellants' brief had been stricken. The second appeal was from the trial court's temporary injunction, which was subsequently entered after an evidentiary hearing. That appeal was dismissed on June 10, 1982, because the hospital and its administrator never filed a brief. At the hearing of May 21, 1982, on appellants' motion to dissolve before the trial court, Mr. White informed the trial court that the second appeal was pending, tendered an unsworn motion as the basis for the dissolution and presented no testimony or affidavits in support of same while at the same time arguing that new facts and additional information should be considered. He contended by way of argument that allowing the anesthesiologist in the operating room was "fraught with difficulties," *1024 notwithstanding having stipulated for the purpose of the earlier evidentiary hearing, which led to the temporary injunction, that appellee was a competent doctor.
In the temporary injunction, the predecessor trial judge, before recusing himself voluntarily after appellants had sought his disqualification, made the following findings:
1. On or about November 25, 1981, the Defendants notified the Plaintiffs in writing of the termination of the Anesthesiology Contract with the Defendant Hospital, to take effect as of February 1, 1982. The Plaintiff, ROBERT J. PANARO, M.D., was advised that his Medical Staff privileges would terminate at the same time.
2. Paragraph 3.52 of the Medical Staff By-Laws of the Defendant Hospital provides that:
Loss of a contract with the Governing Body or loss of association with a contractor shall be deemed cause for termination of Medical Staff membership.
However, the above provision, as it applies to the Plaintiff, conflicts with Paragraph 3.32 of the By-Laws, which provides:
The Governing Body shall act on appointments, reappointments, or revocation of appointments only after there has been a recommendation from the Medical Staff as provided in these By-Laws. (emphasis supplied)
There was no such recommendation from the Medical Staff to terminate the Plaintiff's Medical Staff privileges, either prior to November 25, 1981, or subsequent thereto.
3. Paragraph 3.52 further conflicts with Article XII as it applies to the Plaintiff since said Article requires disclosure of, "the grounds for the adverse recommendation" regarding Staff privileges and, further, indicates that the grounds for the adverse recommendation or the termination of Staff privileges shall not be "arbitrary, unreasonable, or capricious".
4. To the extent that the respective By-Laws are in conflict, they must be construed against the Defendants since the Defendant Hospital is responsible for drawing the By-Laws. The Plaintiff has not been given specific charges or grounds for the adverse recommendation and the termination of his Staff privileges, the Defendants concede that there is no "cause" for the Plaintiff's removal from the Medical Staff of the Hospital other than the termination of the Anesthesiology Contract. The termination of the Anesthesiology Contract is insufficient since the Hospital By-Laws constitute a separate contract between doctor and hospital.
5. The Court finds, as a matter of law, that the attempted removal of Dr. Panaro from the Staff of the Hospital was not completed, and has not been completed, to date, in accordance with its Medical Staff By-Laws.
6. Unless the Temporary Restraining Order previously entered herein is maintained in full force and effect as a Preliminary Injunction, the Plaintiff, ROBERT J. PANARO, M.D., will lose his privilege to practice anesthesiology at said Hospital and will have no means of support. Further, the Plaintiff may be deprived of any and all rights and privileges which may inure to his benefit pursuant to the By-Laws of the Hospital. As such, the harm is irreparable unless this Injunctive Order is entered and maintained in full force and effect, pending a trial on the merits.
Although not included in the findings, the evidence further showed that twenty-three days after appellants notified appellees that their contract with the hospital would not be renewed, they wrote Dr. Panaro, informing him that the hospital's board of trustees had voted to reappoint him to the medical staff in the speciality of anesthesiology.
Recently, in Carida v. Holy Cross Hospital, Inc., 427 So.2d 803 (Fla. 4th DCA 1983) this court recognized the right to injunctive relief available to a doctor who has been denied reappointment to a hospital's medical *1025 staff because of the hospital's failure to comply with its bylaws. We also cited to Margolin v. Morton F. Plant Hospital Association, Inc., 348 So.2d 57 (Fla. 2d DCA 1977).
In view of all of the circumstances, and in light of the pleadings and transcript of the hearing on appellants' motion to dissolve, we believe the trial court's decision was logical and reasonable in preserving the status quo until the trial on the merits which it urged upon the parties. Accordingly, we affirm.
HERSEY and WALDEN, JJ., concur.