POLEN, Judge,
dissenting.
I respectfully dissent.
*1336 In our original opinion dated June 21, 1989, 14 FLW 1501, we affirmed the judgment of the trial court denying injunctive relief to appellants’ radiologist group which had sought an order reinstating their authority to perform radiological services at appellee hospital, and to require appellee hospital to afford them a hearing prior to termination of staff privileges. The dispute was occasioned by appellees’ decision to change the manner in which they provided radiological services to their patients. Prior to the eomplained-of change, a number of competing radiologist groups had staff privileges at appellee hospital. Apparently there had been dissension amongst the competing radiologists as to the manner in which treatment of emergency room patients was allocated. Appellee hospital undertook to solicit competitive bids from the various radiologist groups interested and award staff privileges only to the successful bidder, to the exclusion of all competing groups.
I would grant rehearing in part, in accordance with the following. I am still of the view, along with the majority, that the trial court did not abuse its discretion in denying that portion of the injunctive relief whereby appellants sought a mandatory injunction to have their staff privileges reinstated pending the outcome of the litigation.
However, I believe that our June 21, 1989, opinion may have been in conflict with earlier decisions of this court, insofar as we determined the trial court did not err in denying a mandatory injunction to afford appellants a hearing before the appel-lee hospital’s executive committee or governing body.
Appellants had complained the trial court erred by not requiring appellee hospital to conduct a hearing regarding termination of appellants’ services in accordance with the hospital’s own bylaws. Article VIII of those bylaws, relied on by appellants, provides:
HEARING AND APPELLATE REVIEW PROCEDURE
Section 1. Right to Hearing and to Appellate Review
a. When any practitioner receives notice of a recommendation of the Executive Committee that, if ratified by decision of the governing body, will adversely affect his appointment to or status as a member of the Medical Staff or his exercise of clinical privileges, he shall be entitled to a hearing before an ad hoc committee of the Medical Staff. If the recommendation of the Executive Committee following such hearing is still adverse, the affected practitioner shall then be entitled to an appellate review by the governing body before the governing body makes a final decision on the matter.
b. When any practitioner receives notice of a decision by the governing body that will affect his appointment to or status as a member of the Medical Staff or his exercise of clinical privileges, and such decision is not based on a prior adverse recommendation by the Executive Committee of the Medical Staff with respect to which he was entitled to a hearing and appellate review, he shall be entitled to a hearing by a committee of the Medical Staff appointed by the governing body, and if such hearing does not result in a favorable- recommendation, to an appellate review by the governing body, before the governing body makes a final decision on the matter.
Our prior opinion speculated that the trial court may have determined appellants waived their right to such a hearing by failing to participate in the competitive bid process. Both appellants and appellees agree that this was neither argued in the trial court nor relied upon by the trial judge in denying the injunctive relief sought.
Appellants argue that our determination should be guided by our prior decision in Palm Beach-Martin County Medical Center, Inc. v. Panaro, 431 So.2d 1023 (Fla. 4th DCA 1983), as cited with approval in *1337 Hospital Corporation of Lake Worth v. Romaguera, 511 So.2d 559 (Fla. 4th DCA 1986). I agree. I interpret Panaro as standing for the proposition that a hospital’s bylaws, as they pertain to the rights of staff physicians, constitute part of the contractual relationship between the hospital and the physician, so long as they are not unilaterally amended to reduce the rights of the physician. In this case, the clear language of the above cited bylaw provision indicates that appellants were entitled to a hearing, either before the governing body or the executive committee, before their staff privileges could be terminated. Appellees having failed to provide such a hearing, I would hold that the trial court erred in declining to grant appellants a mandatory injunction, requiring appellee hospital to afford such a hearing.
This is not to say that appellee hospital is prohibited from changing the manner in which they do business or more particularly, the method by which they determine what physicians will have staff privileges, or be allocated emergency room patients. Indeed, we have in at least one other case affirmed the propriety of such an action. Horgan v. South Broward Hospital District, 477 So.2d 617 (Fla. 4th DCA 1985). Appellees have provided in their response to motion for rehearing, decisions from other states, notably California and Pennsylvania, which not only support, but appear to encourage such changes by hospital where the intent is presumably to benefit patient treatment. However, I am of the view that appellants were clearly entitled to a hearing, notwithstanding appellees’ determination to change the manner of allocating radiological services to a competitive bid situation, and it was error for the trial court to deny appellants that relief.
Accordingly, I would reverse and remand for further proceedings consistent with this opinion.